**XIANG MEI LIAN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2482–ag.

United States Court of Appeals, Second Circuit.

Jan. 9, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

Maxwell Wood, United States Attorney for the Middle District of Georgia, Sharon T. Ratley, Assistant United States Attorney, Macon, Georgia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiang Mei Lian, a native and citizen of the People's Republic of China, seeks review of a May 3, 2006 order of the BIA denying his motion to reopen his removal proceedings or reconsider the denial of his direct appeal. *In re Xiang Mei Lian,* No. A 75 959 839 (B.I.A. May 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). We do not address the motion to the extent that the BIA construed it to be a motion to reconsider, as Lian has not argued before this Court that the BIA erred in denying the motion to reconsider. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). To the extent that the BIA construed the motion as a motion to re-

open, we find that the BIA did not abuse its discretion in denying the motion.

A motion to reopen must establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Where, as here, the "record is negative or contains adverse factors, a mere statement of conclusory allegations with respect to the statutory prerequisites is seldom enough." *In re Sipus,* 14 I. & N. Dec. 229, 231 (B.I.A. 1972). Therefore, Lian's conclusory arguments before the BIA that the immigration judge's ("IJ's") findings were speculative and his testimony was not vague were insufficient to sustain his burden for his motion. *See id.* Due to Lian's failure to identify any specific errors in the IJ's credibility analysis before the BIA, we cannot find that the BIA abused its discretion in finding that Lian's motion failed to demonstrate *prima facie* eligibility for asylum and withholding of removal. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).